## DEAN *v.* ERSKINE.

Evidence of the acts and declarations of a grantor, not amounting to a practical location of the land conveyed, cannot be admitted to show, against the terms of the deed, what land was intended by him to be included in the grant.

It is the duty of the court to put the proper construction upon deeds.

WRIT OF ENTRY, to recover a certain tract of land in Claremont, described as follows: Beginning at the southwest corner of Hiram H. Erskine's land; thence south, 77 deg. east, 98 rods, to land belonging to the heirs of Bill Barnes, to a stake and stones; thence south, 13 deg. west on said Barnes' land, 11 rods, 16½ links, to a stake and stones; thence north, 77 deg. west, 98 roads, to land formerly owned by David Hurd, and now owned by Ezra Sheldon; thence north, 13 deg. east, 11 rods, 15½ links, on the east line of said Sheldon's land, to the first mentioned bound, containing seven acres and twenty-three rods, more or less.

To support his claim the demandant produced a quit-claim deed of the premises, from George Henry to himself, executed on the 9th day of December, 1844, and recorded on the 18th day of the same month.

Also the copy of an execution in favor of George Henry, against James Eskine, which was issued on the 30th day of October, 1843, and levied on the 14th day of November, 1843, upon the same land; of which, also, seizin was delivered by the sheriff on that day, to George Henry, under the levy.

To rebut this evidence of title, the defendant produced a deed from James Erskine to Hiram Erskine, dated on the 14th day of May, 1836, and recorded on the 17th of the same month, conveying a piece of land described as "lying in Claremont, it being the southerly half of fifteen

and a quarter acres of land bounded as follows, namely: North by land which I deeded Hiram H. Erskine, east by Bill Barnes' land, south by the highway above mentioned, and west by David Hurd's land." The highway mentioned was the one which leads ·from Albro Blodgett's house to that of Elijah Chase.

Newport and Claremont road, and B. Barnes' land.

Land of Sheldon, formerly Hurd's.

15¼ acres conveyed to Hiram H. Erskine, June 21, 1834.

Land in controversy.

S. 77 deg. E. 98 rods

15¼ acres.

B. Barnes' land.

Road from Blodgett's to Chase's.

For the purpose of explaining this last named deed, the defendant introduced another deed from the same James Erskine to Hiram H. Erskine, dated June 21, 1834, conveying, with other land, 15¼ acres, as indicated upon the plan. Also, for the same purpose, a quitclaim deed from the same James Erskine to the defendant, purporting to convey, with other land, the northward half of 15¼ acres of land, bounded on the north by the highway ·leading to Newport and by B. Barnes' land, east on Barnes' land, south by land of Hiram Erskine, and west by land of David Hurd.

The defendant then offered to prove that James Erskine declared that it was his intention to convey to the defendant 15¼ acres of land, including the land in question; and that after the deed was executed declared that he had so conveyed it. But the court ruled that this evidence was

inadmissible, and rejected it; to which the defendant excepted.

The court instructed the jury that the deed of James Erskine conveyed the southerly half of the $15\frac{1}{4}$ acre lot, bounded as described in the deed, and not the whole of the lot so bounded; consequently, that it did not include the land in question. To this instruction the defendant excepted.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon the case.

*Leland,* for the plaintiff.

*Hubbard,* for the defendant.

GILCHRIST, J. The doctrine recognized in *Prescott* v. *Hawkins,* 12 N. H. 19, appears to govern this case. It would appear, by the evidence offered, that it was the intention of the grantor, James Erskine, to convey to the tenant by the deed of May 14, 1836, the tract of $15\frac{1}{4}$ acres, which was bounded on the north by the grant to Hiram H. Erskine; but that, by the omission of some words descriptive of the entire tract of $30\frac{1}{2}$ acres, his deed contained a description of half of $15\frac{1}{4}$ acres so bounded.

This is not a case such as is adverted to in *Prescott* v. *Hawkins,* of a practical location of the grant, which, under some circumstances, has been held to limit and qualify the written description; so that no other than the naked question is presented, whether the acts and declarations of the grantor at the time of making the deed, as well as after and before, may be given in evidence to control the effect of the writing itself.

The deed purports to convey one moiety of a tract of land, which is described with such certainty as to admit no doubt as to the land intended; and the effect of the evidence offered would be to show that the whole, instead of the half, was intended.

Dean *v.* Erskine.

The clear and well established rules of evidence preclude the admission of the proposed proof, and the exception must be overruled.

There can be no doubt that the court correctly charged the jury as to matters of law, that the deed of James Erskine could admit of no other construction than that which was given to it. It was clearly the province of the court to point out the construction which the law required to be given to such instruments.

The exception on this point must, therefore, be overruled, and there must be

*Judgment on the verdict.*